56 August 5, 2026 No. 742

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MICHAEL W. JENKINS,
*Plaintiff-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
25CV33368; A188367

Courtland Geyer, Judge.

Submitted June 12, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Ariel Ashtamker, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Plaintiff appeals a judgment denying his petition for a writ of habeas corpus without prejudice. In his only assignment of error, he challenges that denial. We affirm.

"We review for legal error a trial court's grant of a motion to deny a petition for habeas corpus relief under ORS 34.680(1)." *Foust v. Nooth*, 276 Or App 38, 39, 366 P3d 767, *rev dismissed*, 360 Or 236 (2016). When doing so, we "assume the truth of well-pleaded factual allegations, giving plaintiff the benefit of any reasonable, favorable inferences that can be drawn from those allegations, and assess whether those allegations, if true, would entitle plaintiff to habeas corpus relief." *Id.*

Plaintiff's petition for a writ of habeas corpus claimed, as articulated in his opening brief on appeal, that his "consecutively imposed indeterminate sentences in [Case No.] 791134298 were unlawful." On appeal, plaintiff asserts that that claim is cognizable in habeas, and that the trial court erred when it concluded otherwise, because his "allegation is that because the sentence is unconstitutional and unlawful, he is entitled to immediate release."

We disagree with plaintiff that his claim is cognizable in habeas. Plaintiff's claim challenges the lawfulness of his criminal sentence, but a petition for post-conviction relief is the exclusive means for collaterally challenging the lawfulness of a criminal sentence. *Mora v. Maass*, 120 Or App 173, 176, 851 P2d 1154 (1993), *aff'd*, 319 Or 570, 877 P2d 641 (1994) ("[P]ost-conviction relief is the sole method for collaterally challenging the lawfulness of a criminal conviction and sentence."); *see also* ORS 138.540(1) ("Except as otherwise provided in ORS 138.510 to 138.680, a petition pursuant to ORS 138.510 to 138.680 shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based.").

In seeking a different result, plaintiff relies on *Strong v. Gladden*, 225 Or 345, 358 P2d 520 (1961). In *Strong*, the court explained that if an incarcerated individual's sentence has "expired, his relief lies in habeas corpus."

*Id.* at 351. Plaintiff's reliance on *Strong* is misplaced, however, because in this case plaintiff is collaterally challenging the lawfulness of the sentence imposed in his judgment of conviction, not asserting that his sentence has expired. *Knope v. Fhuere*, 332 Or App 97, 100, 548 P3d 165 (2024) (noting "a collateral attack on a judgment" is "not cognizable in a habeas corpus case").

Affirmed.